CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARTHA OLIVIA VILLANUEVA LOPEZ,
*individually and on behalf of others similarly
situated,*

*Plaintiff*,

-against-

LISPENARD FISH LLC (D/B/A TWO
WHEELS), JONATHAN CHONG, and
JONATHAN VU,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Martha Olivia Villanueva Lopez ("Plaintiff Villanueva" or "Ms. Villanueva"),

individually and on behalf of others similarly situated, by and through her attorneys, CSM Legal,

P.C., upon her knowledge and belief, and as against Lispenard Fish LLC (d/b/a Two Wheels),

("Defendant Corporation"), Jonathan Chong and Jonathan Vu, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

**<u>NATURE OF ACTION</u>**

1.      Plaintiff Villanueva is a former employee of Defendants Lispenard Fish LLC (d/b/a

Two Wheels), Jonathan Chong, and Jonathan Vu.

2.       Defendants own, operate, or control a Vietnamese restaurant, located at 1382 2nd

Ave, New York NY 10021 under the name "Two Wheels".

3.      Upon information and belief, individual Defendants Jonathan Chong and Jonathan Vu, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Villanueva was employed as a cook and food preparer at the restaurant located at 1382 2nd Ave, New York NY 10021.

5.      At all times relevant to this Complaint, Plaintiff Villanueva worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Villanueva appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Villanueva the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Villanueva to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Villanueva and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.     Plaintiff Villanueva now brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Villanueva seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Villanueva's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate Vietnamese restaurant located in this district. Further, Plaintiff Villanueva was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Martha Olivia Villanueva Lopez ("Plaintiff Villanueva" or "Ms. Villanueva") is an adult individual residing in New York County, New York.

15.     Plaintiff Villanueva was employed by Defendants at Two Wheels from approximately March 2021 until on or about October 28, 2021.

16.     Plaintiff Villanueva consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own, operate, or control Vietnamese restaurant, located at 1382 2ⁿᵈ Ave, New York NY 10021 under the name "Two Wheels".

18.     Upon information and belief, Lispenard Fish LLC (d/b/a Two Wheels) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1382 2ⁿᵈ Ave, New York NY 10021 Defendant Jonathan Chong is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jonathan Chong is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jonathan Chong possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Villanueva, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Jonathan Vu is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jonathan Vu is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jonathan Vu possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Villanueva, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.     Defendants operate Vietnamese restaurant located in a neighborhood in Manhattan.

21.     Individual Defendants, Jonathan Chong and Jonathan Vu, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff Villanueva's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Villanueva, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff Villanueva (and all similarly situated employees) and are Plaintiff Villanueva's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff Villanueva and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendants Jonathan Chong and Jonathan Vu operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff Villanueva's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Villanueva, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Villanueva's services.

28.     During 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30.     Plaintiff Villanueva is a former employee of Defendants who was employed as a cook and food preparer.

31.     Plaintiff Villanueva seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Martha Olivia Villanueva Lopez*

32.     Plaintiff Villanueva was employed by Defendants from approximately March 2021 until on or about October 28, 2021.

33.     Defendants employed Plaintiff Villanueva as a cook and food preparer.

34.     Plaintiff Villanueva regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35.     Plaintiff Villanueva's work duties required neither discretion nor independent judgment.

36.     Throughout her employment with Defendants, Plaintiff Villanueva regularly worked in excess of 40 hours per week.

37.     From approximately March 2021 until on or about approximately October 7, 2021, Plaintiff Villanueva worked from approximately 10:00 a.m. until on or about 8:00 p.m. to 9:00 p.m. 3 days, from approximately 10:00 a.m. until on or about 5:00 p.m. one day, and from approximately 10:00 a.m. until on or about 11:30 p.m. two days out of the week (typically 64 to 67 hours per week).

38.     For approximately two weeks during the above time period, Plaintiff Villanueva worked 7 days a week, (typically between 77.50 to 80.50 hours per week).

39.     From approximately October 8, 2021, until on or about October 28, 2021, Plaintiff Villanueva worked from approximately 10:00 am until on or about 11:30 p.m., 2 days a week and from approximately 4:00 p.m. until 11:30 p.m., 4 days a week (typically 57 hours per week).

40.    Throughout her employment, Defendants paid Plaintiff Villanueva her wages in cash.

41.    From approximately March 2021 until on or about approximately October 7, 2021, Defendants paid Plaintiff Villanueva $16.00 per hour.

42.    From approximately October 8, 2021, until on or about October 28, 2021, Defendants paid Plaintiff Villanueva $17.00 per hour.

43.    Plaintiff Villanueva's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

44.    For example, Defendants required Plaintiff Villanueva to work an additional up to 5 hours later than her scheduled departure time every day and did not pay her for the additional time she worked.

45.    Defendants never granted Plaintiff Villanueva any breaks or meal periods of any kind. Plaintiff Villanueva's breaks were interrupted and cut short, yet Defendants always deducted 30 minutes per shift from her weekly wages.

46.    Although, Plaintiff Villanueva was required to keep track of her time, Defendants required her to record fewer hours than she actually worked. As a result, Plaintiff Villanueva was not compensated for all of the hours that she worked.

47.    On a number of occasions, Defendants required Plaintiff Villanueva to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

48.    In addition, in order to get paid, Plaintiff Villanueva was required to sign a document in which Defendants misrepresented the hours that she worked per week.

49.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Villanueva regarding overtime and wages under the FLSA and NYLL.

50.    Defendants did not provide Plaintiff Villanueva an accurate statement of wages, as required by NYLL 195(3).

51.    Defendants did not give any notice to Plaintiff Villanueva, in English and in Spanish and Mixteco (Plaintiff Villanueva's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Villanueva (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate spread of hours pay and overtime compensation as required by federal and state laws.

53.    Plaintiff Villanueva was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

54.    Defendants habitually required Plaintiff Villanueva to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

55.    Defendants' timekeeping system did not reflect the actual hours that Plaintiff Villanueva worked.

56.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57.    On a number of occasions, Defendants required Plaintiff Villanueva to sign a document the contents of which she was not allowed to review in detail. Defendants required

Plaintiff Villanueva to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiff Villanueva her wages in cash.

58.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Villanueva (and similarly situated individuals) worked, and to avoid paying Plaintiff Villanueva properly for her full hours worked.

60.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Villanueva and other similarly situated former workers.

62.    Defendants failed to provide Plaintiff  Villanueva and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.    Defendants failed to provide Plaintiff Villanueva and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address

if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.      Plaintiff Villanueva brings her FLSA overtime compensation and liquidated

damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf

of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were

employed by Defendants or any of them, on or after the date that is three years before the filing of

the complaint in this case (the "FLSA Class Period").

65.      At all relevant times, Plaintiff Villanueva and other members of the FLSA Class were

similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required overtime pay at a one and

one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and

willfully failing to keep records under the FLSA.

66.      The claims of Plaintiff Villanueva stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

67.      Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set

forth herein.

68.    At all times relevant to this action, Defendants were Plaintiff Villanueva's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Villanueva (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

69.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

71.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Villanueva (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72.    Defendants' failure to pay Plaintiff Villanueva (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

73.    Plaintiff Villanueva (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

74.    Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

75.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Villanueva overtime

compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76.     Defendants' failure to pay Plaintiff Villanueva overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

77.     Plaintiff Villanueva was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

78.     Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

79.     Defendants failed to pay Plaintiff Villanueva one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Villanueva's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

80.     Defendants' failure to pay Plaintiff Villanueva an additional hour's pay for each day Plaintiff Villanueva's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

81.     Plaintiff Villanueva was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

82.     Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants failed to provide Plaintiff Villanueva with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

84.     Defendants are liable to Plaintiff Villanueva in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

85.      Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

86.      With each payment of wages, Defendants failed to provide Plaintiff Villanueva with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

87.     Defendants are liable to Plaintiff Villanueva in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Villanueva respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Villanueva and the FLSA Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Villanueva's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Villanueva and the FLSA Class members;

(e)    Awarding Plaintiff Villanueva and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiff Villanueva and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Villanueva;

(h)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Villanueva;

(i)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Villanueva's compensation, hours, wages and any deductions or credits taken against wages;

(j)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Villanueva;

(k)    Awarding Plaintiff Villanueva damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l)    Awarding Plaintiff Villanueva damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiff Villanueva liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiff Villanueva and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiff Villanueva and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Villanueva demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 1, 2022

CSM LEGAL, P.C

By:    _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

- 17 -

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

January 11, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Martha Olivia Villanueva Lopez

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:              11 de enero de 2022

*Certified as a minority-owned business in the State of New York*