# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                     Telephone: (212) 317-1200
New York, New York 10165                                                    Facsimile: (212) 317-1620
_____

May 26, 2022

**Via ECF**
Hon. Andrew L. Carter Jr.
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *Martha Olivia Villanueva Lopez v. Lispenard Fish LLC, et al*
                Docket No.: 22-cv-01707 (ALC)

Your Honor:

      Our office represents Plaintiff in the above-referenced matter. I write to respectfully request the Court to approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

      Plaintiff has agreed to settle all of her claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel that was reached prior to mediation. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

      The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, Plaintiff respectfully requests that that Court enter an Order approving the Agreement as fair and reasonable.

I.     **Background**

      Plaintiff filed a Complaint against Defendants alleging claims for unpaid overtime compensation, and spread of hours pay; the failure to provide wage notices; the failure to provide accurate wage statements; and liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiff alleges that she is entitled to back wages of approximately $5,278.50 and would be entitled to up to approximately $20,974.13, which represents alleged unpaid wages, penalties, and interest, but

excludes attorneys' fees and costs. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiff contends that she was employed by Defendants at a Vietnamese restaurant located at 1382 Second Avenue, New York, New York 10021 operating under the name Two Wheels. Plaintiff was employed by Defendants from approximately March 15, 2021 until on or about October 28, 2021. Plaintiff alleges that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums.

## II.   The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $7,500.00. Pursuant to the Agreement, the Settlement Amount shall be paid in a lump-sum payment within thirty (30) days after the Court's approval of the Agreement. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes amongst the Parties. Towards that end, Defendants maintained clock records which purported to show that Plaintiff did not work the number of hours that she claimed to have worked. Accordingly, Defendants alleged that, even if Plaintiff succeeded on liability, her damages were less than what she claimed them to be. Moreover, Defendants have limited financial resources with which to settle Plaintiff's claims or satisfy a judgment, and therefore it would have been difficult for Plaintiff to enforce a large judgment against Defendants and collect it in full.

Notwithstanding these issues, Defendants agreed to a settlement that compensates Plaintiff for over 94% of the lost wages to which she claims entitlement. Courts will approve a settlement where the amounts payable to Plaintiff are within the range of reasonableness in comparison to the estimated damages. *See Beckert v. Rubinov*, 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (finding that the "amount [plaintiff] would receive under the Agreement ($29,557.97) is a substantial proportion of the maximum possible recovery he identifies ($114,700)"). Here, the Parties were able to reach an agreement at an early stage of proceedings, shortly after the filing of the complaint, and before incurring the costs of depositions, motion practice and trial. *See Burgos v. San Miguel Transp., Inc.*, 2016 U.S. Dist. LEXIS 166248, *6, 2016 WL 7015760 (S.D.N.Y. Dec. 1, 2016) (citing early stage of the case as one of the factors

supporting the fairness of a settlement that was substantially below the amount that plaintiff initially contemplated).

Considering the above-referenced factors, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Finally, the Agreement contains no red-flag provisions such as confidentiality, an overly broad release, or attorney's fees exceeding 40% of the settlement. *Cheeks v. Freeport Pancake House, Inc.,* 796 F. 3d 199, 206 (2d Cir. 2015).

### III.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $2,500.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation.

Plaintiff's counsel's lodestar in this case is $2,320.00 and Plaintiff's costs are $477.00. A copy of Plaintiff's billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

The undersigned is the only attorney at CSM Legal, P.C. who performed billable work on behalf of Plaintiff. Towards that end, set forth below is my biography and effective billable rate which Plaintiff respectfully requests the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see, e.g, Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

> i.      I, William K. Oates, am an associate at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. I graduated New York Law School in 1995, and am admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York. Since law school I have practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms. Since joining Michael Faillace & Associates, P.C. in December 2020, and CSM Legal, P.C. in November 2021, I have been

   responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court.  My work is billed at the rate of $400.00 per hour.

   Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.

   Plaintiff thanks the Court for its time and consideration of this matter.

                Respectfully submitted,

                /s William K. Oates
                William K. Oates, Esq
                CSM Legal, P.C.
                *Attorneys for Plaintiff*

Attachments

cc:  Hillary J. Raimondi, Esq. (via ECF)